IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| RICHARD G. VENTO, <u>et al.</u>, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL NO. 2009-155 |
| vs. ) | |
| ) | |
| HANDLER THAYER & DUGGAN, LLC, <u>et al.</u>, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

MEMORANDUM AND ORDER

On July 15, 2010, the parties filed a joint stipulation purporting to seal the case. The parties agreed and stipulated that "all documents" filed by the parties would be filed under seal. The parties assert that good cause to seal the case exists because "all the documents filed . . . contain sensitive and confidential personal and financial information and/or attorney-client privileged information that must be protected from disclosure to the general public." The parties further assert that plaintiffs will be harmed if attorney-client documents are available to the public, and that defendants will also be harmed if they cannot defend themselves publicly from public attacks on their character and ethics.

In *In Re: Cendant Corp.*, the Court of Appeals for the Third Circuit recognized that there is a "common law right of access to judicial proceedings and records" in both civil and criminal cases. *In Re: Cendant Corp.*, 260 F. 2d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corporation*, 851 F. 2d 673, 677-78 (3d Cir. 1988)). The Third Circuit in *Cendant* further noted that "the public's right to access . . . 'envisions a pervasive common law right to inspect and copy public records and documents, including judicial records and documents.'" 260 F.2d at 192 (citing

*Vento,* et al. *v. Hdndler Thayer & Duggan, LLC,* et al.
Civil No. 09-155
Memorandum and Order
Page 2 of 3

*Leucadia, Inc. v. Applied Extrusion Tech.,* 998 F.2d 157, 161 (3d Cir. 1993)). The common law right to access to judicial proceedings or documents is not absolute, and "[t]he presumption of public access may be rebutted." 260 F. 2d at 194 (citations omitted). To successfully rebut the public access presumption and seal a judicial proceeding or document, a party "bears the burden of showing that the material is the kind of information that courts will protect" and that "disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* (citations omitted). Further, the injury to be prevented must be delineated with specificity, and "broad allegations of harm bereft of specific examples or articulated reasoning, are insufficient." *Id*.

Here, the parties seek to seal an entire case file on the assertion that all the documents that would be filed would contain "sensitive and confidential personal and confidential information and/or attorney-client privileged information." To date, this has not been the case. Nonetheless, the Court does recognize that due to the nature of the action, there may be individual documents that may need to be sealed, or at the least be redacted before being filed. The Court is satisfied that Rule 5.2 of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 5.4(l) provide sufficient guidance to counsel on how to file pleadings or documents with personal data identifiers, or documents with confidential or sensitive information, so as to protect them from public access. The Court believes that the harms identified can be successfully addressed through the mechanisms outlined in these Rules.

In sum, the Court finds that the parties have not rebutted the presumption of the common law right to public access to this file, and that the Court can fashion relief that will address the parties'

*Vento,* et al. *v. Hdndler Thayer & Duggan, LLC,* et al.
Civil No. 09-155
Memorandum and Order
Page 3 of 3

concerns as the need arises. Accordingly, the premises considered, it is hereby

      ORDERED that parties' stipulation is NOT APPROVED.

                                          S_____
                                          **RUTH MILLER**
                                          United States Magistrate Judge