IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| Richard Vento, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL NO. 2009-155 |
| v. ) | |
| ) | |
| Handler Thayer & Duggan, L.L.C., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

ORDER

Before the Court is defendants Motion to Extend Deadline and Motion to Reconsider Denial of Stipulation (ECF 120).  Defendants contend that the "Court ha[d] not enforced [Local Rule 12.1] equally against Plaintiffs," and that the Court should therefore reconsider its disapproval of the stipulation purporting to allow an extension of time to February 13, 2012 to defendants to file reply memoranda on the motion to dismiss.

Local Rule of Civil Procedure 7.3 provides that a motion for reconsideration must be based on "1. [an] intervening change in controlling law; 2. availability of new evidence, or; 3. the need to correct clear error or prevent manifest injustice."   Here, defendants do not meet their burden on a motion for reconsideration.

Defendants contend that the Court's approval of a stipulation allowing an extension of time to plaintiffs (see ECF 115) should have meant that the stipulation offered by them here required the same treatment.   First, the Court notes that the Order "setting" the deadline for plaintiffs' filings provided that they be "filed according to the rules."   (See ECF 109).   Local Rule of Civil Procedure 12.1 permits the parties to do exactly what they did with respect to that response date:   seek an agreed extension and file notice of such agreement before the filing due date.

*Richard Vento, et al. v. Handler Thayer & Duggan, L.L.C., et al.*
Civil No. 2009-155
Page 2

Here, in contrast, the reply date was a specific date provided in the January 13, 2012 Order[1]: 14 days after January 19, 2012. In light of that distinction, defendants should have sought an extension by way of motion, rather than by the stipulation that the local rule does not permit. The Court did not engage in a "mechanical application of the Local Rules[2]" in favor of one party over another. Reconsideration is not warranted.

That does not mean, however, that defendants are without a remedy. Defendants have now applied to the Court for an extension of time, and have provided the Court with reasons why such an extension may be justified. Defendants state that plaintiffs' response brief included over 2900 pages of exhibits, most of which were not transmitted to defendants until many days after the response due date. In view of the volume of material that must be reviewed and the timing of its transmittal to defendants, the Court believes that defendants have shown good cause for an extension of time to reply.

Accordingly, it is hereby

ORDERED that defendants' motion for extension is GRANTED, and their reply[3] shall be filed on or before February 10, 2012; and it is further

ORDERED that the motion for reconsideration is DENIED.

**DATED:** February 3, 2012  S\_____
     **RUTH MILLER**
     United States Magistrate Judge

---

1 The Court further notes that the January 13, 2012 Order, and the dates therein, resulted from a status conference participated in by all parties. The Court did not enter a separate order approving the stipulation in ECF 113 regarding plaintiffs' response (which itself arguably might be considered inappropriate under Local Rule 12.1(c) in light of the Order at ECF 109), but provided the new January 19, 2012 response date after discussion with the parties.

2 The Court deems that compliance with the rules and with court-ordered deadlines, rather than treating them as "mere suggestions" (see Unlimited Holdings, Inc. v. Bertram Yacht, Inc., 2008 U.S. Dist. LEXIS 82142, *22 (D.V.I. Oct. 14, 2008), is crucial to the fair and efficient administration of cases with which the Court is charged. Thus parties are expected to abide by the rules, even where application of them to a particular situation may appear "mechanical."

3 Attention should also be given to the fact that this upcoming memorandum is a *reply* memorandum, following an opening brief of 43 pages in length, with an additional 345 pages of exhibits. Care should be taken to avoid repetition.